**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stephen Allen NOVAK, Defendant-Appellant.**

**No. 72–1393.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 16, 1972.

Decided Feb. 26, 1973.

Certiorari Denied June 4, 1973. See 93 S.Ct. 2759.

It is defendant's view that he should have been classified IV–D (minister) having been ordained a Minister of Jehovah's Witnesses, pursuant to the ordination ritual of that sect. He told the Board that he had become a Minister at the time of his baptism, apparently at the age of sixteen years.

It was undisputed that the Jehovah's Witnesses is a "recognized" religion under the pertinent regulation in Title 32, Code of Federal Regulations § 1622.43. Defendant contends that he has fulfilled the further requirement of ordination in accordance with the ceremonial ritual or discipline of his Church.

Defendant asserts that the Board subjected him to religious discrimination because, while registrants in other religions need only present certificates of ordination from their superiors to satisfy the Board, defendant was obliged to submit to a hearing on the manner in which he practiced his ministry, the number of hours he devoted to it, the financial support he derived from it and the other secular employment in which he engaged, to determine whether the ministry was his regular and customary vocation, as required by § 1622.43.

He lays special stress on the testimony of one Board member, Edison Lerch, presented only to the Court and not to the jury, that he personally could not accept a boy of fifteen as a recognized minister and viewed defendant's ordination, some two and one-half years prior to his Selective Service registration, as something other than equivalent to full ordination in some of the other religions, that he did not view a member of Jehovah's Witnesses as a minister for purposes of Selective Service until he had attained the rank of a full fledged Pioneer by order of the Watchtower Bible and Tract Society headquarters in New York. The only certificate on file from the Watchtower indicated that defendant had been a Vacation Pioneer during the period August 1 to 14, 1966.

Defendant argues that discrimination exists against Jehovah's Witnesses because consideration was given to the

Robert E. Sutton, Milwaukee, Wis., for defendant-appellant.

John O. Olson, U. S. Atty., James M. Bablitch, Asst. U. S. Atty., Madison, Wis., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

KNOCH, Senior Circuit Judge.

Defendant-appellant, Stephen Allen Novak, has taken this appeal from his conviction in a jury trial on a charge of failing to report for civilian work after being classified I–O (conscientious objector) by his Local Selective Service Board.

source of his compensation, thus, he says, favoring wealthy churches which pay their ministers, relieving them of the need to seek secular employment.

Defendant's position is that the jury should have been directed to render a verdict in his favor, but that, failing a directed verdict, the issue of religious discrimination should have been allowed to go to the jury.

■ As the District Judge said in his opinion on the issue of the lawfulness of the Board's Order to report for civilian work at a hospital, it is the definition of "minister" by Congress, and as used in the regulations which must determine entitlement to a IV–D classification.

Title 32 C.F.R. § 1622.43 provides for classification IV–D for registrants who are regular or duly ordained ministers of religion as defined in § 16(g) of the Military Selective Service Act. The Act reads:

> Section 16. When used in this act —* * * (g)(1) the term 'duly ordained minister of religion' means a person who has been ordained, in accordance with the ceremonial, ritual, or discipline of a church, religious sect, or organization established on the basis of a community of faith and belief, doctrines and practices of a religious character, to preach and to teach the doctrines of such church, sect, or organization and to administer the rites and ceremonies thereof in public worship, and who as his *regular and customary vocation* preaches and teaches the principles of religion and administers the ordinances of public worship as embodied in the creed or principles of such church, sect, or organization.

> (2) The term *"regular minister of religion"* means one who as his *customary vocation* preaches and teaches the principles of religion of a church, a religious sect, or organization of which he is a member, *without having been formally ordained* as a minister of religion, and who is recognized by such church, sect, or organization as a regular minister.

> (3) The term *"regular or duly ordained minister* of religion" does not include a person who irregularly or incidentally preaches and teaches the principles of religion of a church, or religious sect, or organization and does not include any person who may have been duly ordained a minister in accordance with the ceremonial, rite, or discipline of a church, religious sect or organization, but who does not regularly, as a vocation, . . . teach and preach, the principles of religion and administer the ordinances of public worship as embodied in the creed or principles of his church, sect or organization. [emphasis added]

■ From the outset while claiming exemption as a minister, the defendant himself provided data that raised doubts of the ministry as his regular and customary vocation. He clearly indicated that the time which he devoted to his religious work was small compared to the time he devoted to his commercial employment.

■ We cannot accept defendant's assertions that an unfavorable comparison was drawn between the ordination ceremonies of Jehovah's Witnesses and that of other religions. The Board in making its decision did not commit religious discrimination, but merely recognized the difference in use of terms "ordain" and "minister" by Jehovah's Witnesses as compared to the use of such terms in many other churches. See United States v. Hawver, 7 Cir., 1971, 437 F.2d 850, where this Court took note (at page 851, footnote 1) of the fact that the words "ordain" and "minister" are used by Jehovah's Witnesses with content such as not to fit easily into the statutory concept of "regular or duly ordained ministers of religion." See also United States v. Pompey, 3 Cir., 1971, 445 F.2d 1313, 1317–1318. Both cases refer to United States v. Tettenburn, D.Md., 1960, 186 F.Supp. 203, 207–211 and United States

F.Supp. 203, 207–211 and United States 822, 837–841, for an explanation of the hierarchy of Jehovah's Witnesses.

For example, Defendant is one of 76 ministers in his congregation of 92 members. This would be a most unusual situation in many churches.

Mr. Lerch also testified that the Local Board did accept certification by the hierarchy of Jehovah's Witnesses that a particular minister was ordained and held a church assignment as his regular and customary vocation, just as such certifications were accepted for other religions. He indicated that all such certifications are subject to periodic check for possible changes in status. There was evidence as to one instance in which a registrant (not a member of Jehovah's Witnesses) was changed from a classification of IV–D to I–A on notification of change in circumstances.

The record reveals no support for any finding of religious discrimination. There was nothing to go to the jury.

The judgment of the District Court is affirmed.

Affirmed.